**Elections-Ballots-General: Marking-Rules:**  Section 208 of the VRA preempts the prohibition on a candidate assisting a voter and the prohibition on a person assisting more than three voters in an election, as set forth in Minn. Stat. § 204C.15, subd 1.  Any enforcement of these prohibitions would violate the Supremacy Clause of the U.S. Constitution.



cr ref 185a-5; 385a)

May 7, 2020

Steve Simon
Minnesota Secretary of State
180 State Office Building
100 Rev. Dr. Martin Luther King, Jr. Blvd.
St. Paul, MN  55155-1299

   Re:  Request for Opinion Concerning Minnesota's Voter Assistance Statute

Dear Secretary Simon:

   Thank you for your April 22, 2020, letter requesting an opinion regarding whether restrictions in Minn. Stat. § 204C.15, subd. 1, are preempted by section 208 of the Voting Rights Act.  Specifically, you ask whether the prohibition on a candidate assisting a voter and the prohibition on a person assisting more than three voters in an election are preempted.  Our conclusion is that the answer to your question is yes, these prohibitions are preempted by section 208 of the Voting Rights Act.

## FACTS

   Minnesotans speak many different languages in their homes, including Spanish, Hmong, and Somali.  We are home to many people who may need assistance to read and mark their ballots on election day.  We are also home to many people with disabilities who may need assistance to cast their ballots at the polls.

   Section 204C.15 provides that a voter who needs assistance, because of an inability to read English or physical inability to mark the ballot, may receive assistance from the person of their choice.  Minn. Stat. § 204C.15, subd. 1.  The statute, though, contains several exceptions, including one that prohibits candidates from assisting voters and another that prohibits a person from assisting more than three voters in an election.  *Id.*

445 Minnesota Street, Suite 1400, St. Paul, MN 55101-2131
Office: (651) 296-3353 • Toll Free: (800) 657-3787 • Minnesota Relay: (800) 627-3529
An Equal Opportunity Employer Who Values Diversity • Printed on 30% Post-Consumer Material Paper

The legislative history shows that these restrictions existed in Minnesota before section 208 of the Voting Rights Act was passed. Early versions of Minnesota's voter assistance statutes date back to the 1890s. *See* Minnesota Statutes 1894, ch. 1, s. 108; *State v. Gay*, 59 Minn. 6 (1894). Those also contained a three-person limit. The Minnesota Legislature enacted the first version of Minnesota Statute § 204C.15, subd.1, in 1981.

In 1965, Congress passed the Voting Rights Act (VRA) to protect the right of American citizens to vote. *League of United Latin Am. Citizens v. Perry*, 548 U.S. 399, 433-34 (2006). Under the VRA, "[a]ll citizens of the United States who are otherwise qualified by law to vote at any election by the people in any State, . . . county, [or] city, . . . shall be entitled and allowed to vote at all such elections." 52 U.S.C. § 10101(a)(1). The VRA defines the terms "vote" and "voting" broadly as "all action necessary to make a vote effective," which includes any "action required by law prerequisite to voting, casting a ballot, and having such ballot counted properly." 52 U.S.C. § 10310(c)(1).

In 1982, Congress added section 208 of the VRA, which guarantees a voter who requires assistance, by reason of blindness, disability, or inability to read or write, the right to receive assistance from "a person of the voter's choice." 52 U.S.C. § 10508. Unlike Minnesota's voter assistance statute, section 208 of the VRA does not limit the voter's choice by prohibiting assistance from a candidate or from someone who has already assisted three voters in the election.

## LEGAL ANALYSIS

The VRA preempts any state laws that conflict with it or prevent its effectiveness. 52 U.S.C. § 10101(a)(1). Preemption occurs when a "state law confers rights or imposes restrictions that conflict with the federal law," *Murphy v. NCAA*, 138 S. Ct. 1461, 1480 (2018), or when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992). Minnesota does not have the authority to enforce a law that is preempted by the Supremacy Clause of the United States Constitution. *Murphy*, 138 S. Ct. at 1476.

Generally, any Minnesota statute that infringes on the assistance guaranteed in section 208 of the VRA for disabled or limited-English voters would be preempted. Section 204C.15 restricts the right to voter assistance that is guaranteed by section 208 of the VRA because section 204C.15 includes exceptions that do not exist in the federal law.

Section 204C.15 provides in pertinent part that a "voter who claims a need for assistance because of inability to read English or physical inability to mark a ballot" may receive assistance from "any individual the voter chooses." Minn. Stat. § 204C.15, subd. 1. A voter cannot receive assistance, though, from "the voter's employer, an agent of the voter's employer, an officer or agent of the voter's union, or a candidate for election." *Id.* In addition, there is the three-voter limit: "No person who assists another voter as provided in the preceding sentence shall mark the ballots of more than three voters at one election." *Id.*

Section 208 of the VRA guarantees voters in need of assistance the right to receive that assistance from a person of their choice, while only listing exceptions that prohibit assistance from the voter's employer or union.  It states in full:

> Any voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union.

52 U.S.C. § 10508.

While section 208 establishes a couple of exceptions to a voter's right to obtain assistance from the person of the voter's choice, Minnesota's statute adds two more: assistance cannot come from a candidate or someone who has already assisted three voters.  By adding these exceptions, Minnesota's statute limits the right guaranteed by section 208 of the VRA.  *Cf.* Minn. Stat. § 645.19 ("Exceptions expressed in a law shall be construed to exclude all others.").  By restricting this federal right, the statute conflicts with federal law.

Minnesota's law also frustrates Congress's purpose in enacting section 208.  The Senate Judiciary Committee explained that section 208 was designed to protect individuals at the polls and ensure they receive trusted and meaningful assistance:

> To limit the risks of discrimination against voters in these specified groups and avoid denial or infringement of their right to vote, the Committee has concluded that they must be permitted to have the assistance of a person of their own choice. The Committee concluded that this is the only way to assure meaningful voting assistance and to avoid possible intimidation or manipulation of the voter.  To do otherwise would deny these voters the same opportunity to vote enjoyed by all citizens.

S. Rep. No. 97-417, 1982 U.S.C.C.A.N. 177, 240-41.

The state law can create indefensible situations like the following: the only fluent English speaker in a family can help her parents and grandmother to vote but not her grandfather, who then must either receive assistance from a less-trusted individual or eschew his right to vote.  Or, a personal care assistant who cares for multiple people with disabilities must choose which three to help vote and leave the others to seek help elsewhere.  This frustrates the purpose and objective of section 208 of the VRA, which is to assure trusted and meaningful assistance for voters who cannot read English or who have a disability.

Two recent cases finding that section 208 of the VRA preempted contrary state law are consistent with this preemption analysis.  In 2017, Mr. Dai Thao was on the ballot as a candidate in the election for the Mayor of St. Paul.  After an elderly Hmong-American voter sought Mr. Thao's assistance with the voter's ballot, Mr. Thao was prosecuted for violating section 204C.15,

subd. 1.  The prosecution failed, however.  Ramsey County District Court Judge Nicole Starr issued an Order finding that Minn. Stat. § 204C.15, subd. 1, conflicts with section 208 of the VRA and is preempted.  As she explained:

> [T]he legislative history of the VRA demonstrates that Congress considered situations such as this, and determined that the overriding interest was access to the voting versus possible voter manipulation.  The committee made special note of the need for flexibility with regard to insular communities comprised of "language minorities" where there are few choices of people who speak the same language. . . . Congress saw the individual's ability to determine who would be trustworthy assistant as an internal check against manipulation.

Findings of Fact, Conclusions of Law, and Order, *State of Minnesota v. Dai Thao*, 62-CR-18-927 (Ramsey County District Court Oct. 23, 2018).  The court concluded that "the prohibition of a candidate as a possible trusted assistant acted as an obstacle to the accomplishment of the full purpose and objective of Congress."  *Id.* at 5.  The same reasoning extends to preempt the statute's prohibition on assisting more than three voters.

Similarly, in *OCA-Greater Houston v. Texas*, the Fifth Circuit Court of Appeals examined a Texas law requiring that interpreters assisting voters must be registered to vote in the county where the voter needs assistance.  867 F.3d 604, 607 (5th Cir. 2017).  The court held the state law was preempted because it "impermissibly narrows the right guaranteed by Section 208 of the VRA."  *Id.* at 615.  The same reasoning extends to preempt Minnesota's prohibitions on assisting voters.

This Office could find no court case in the country that examined a similar state law and concluded it was not preempted.

The answer to your question is that section 208 of the VRA preempts both the prohibition on a candidate assisting a voter and the prohibition on a person assisting more than three voters in an election, as set forth in Minn. Stat. § 204C.15, subd 1.  Any enforcement of these prohibitions would violate the Supremacy Clause of the U.S. Constitution.

Sincerely,

KEITH ELLISON
Attorney General

|#4712343-v1